## SETTLEMENT AGREEMENT AND RELEASE

This Agreement, dated this 22nd day of September 2021 (the "Effective Date"), is by and between ELISABET FERRI (the "Plaintiff"), on the one hand and J.W. LEE, INC., D/B/A SCARLETT'S CABARET AND ERIC LANGAN, hereinafter referred to as the ("Defendants").

WHEREAS, Plaintiff performed as an exotic dancer on the premises of J. W. Lee, Inc. d/b/a Scarlett's Cabaret and have filed or are currently participating in a lawsuit against Defendants for claims arising out of the federal Fair Labor Standards Act (29 U.S.C. §§ 201 *et seq. .,* any violation of Article X, Section 24, of the Florida Constitution; and/or any violation of Fla. Stat. § 448.110 the Florida Minimum Wage Act, pending in the United States District Court for the Southern District of Florida, *Elisabet Ferri. v. J.W. Lee, Inc.et al.,* – Case No.: 1:20-cv-24792 (the "Action").

WHEREAS, Defendants deny any and all liability to Plaintiff.

WHEREAS, all Parties are asserting their respective contentions in good faith, and all Parties realize the uncertainty and the time-consuming nature of litigation and desire to avoid spending additional time incurring additional expense in litigation.

WHEREAS, all Parties desire to enter into a compromise agreement that will terminate all disputes between them, all claims for relief, or causes of action with respect to all matters arising out of Plaintiff's claims or relating in any way to Plaintiff's relationships to or with Defendants.

WHEREAS, the Parties have undertaken a good faith effort to apportion funds according to the relative strengths and weaknesses of Plaintiff's claims.

NOW, THEREFORE, Plaintiff and Defendants hereby enter into this Settlement Agreement and Release (the "Agreement") and voluntarily agree to the following terms and conditions in consideration of the promises contained herein and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged:

1. **Release.** In consideration of the terms and covenants set forth in this Agreement, including but not limited to the payments described herein, Plaintiff does fully release and discharge Defendants and their respective affiliates, related entities, trusts, successors, assigns, and current and former owners, directors, officers, agents, employees, attorneys, and accountants and Defendants hereby do fully release Plaintiff (collectively, "**Releasees**"), from all claims asserted in the Action.  This release includes, but is not limited to: (i) all allegations by Plaintiff against Defendants and by Defendants against Plaintiff related to any period while Plaintiff was providing services on Defendants' premises; (ii) all allegations made against Defendants by Plaintiff or Defendants against Plaintiff in the Action or which could have been alleged in the action, related to wages; (iii) any claim related to or concerning payment of wages; (iv) any other contract, tort or common law claim and any other claim under any other state, local or federal statute, ordinance law, or regulation, relating to a claim for wages including but not limited to the Federal Fair Labor Standards Act (29 U.S.C. §§ 201 *et seq.*), and claims for which may arise out

of the Florida General Statutes, the common law of Florida, or the Constitution of the State of Florida.

2. **Claims For Attorneys' Fees.** The Release set forth in Paragraph 1 specifically includes, but is not limited to, all claims for attorneys' fees and costs asserted against any Party.

3. **Payments and Other Consideration.**

Defendant J. W. Lee, Inc. shall make payment as specified below and in the Total Sum of Nineteen Thousand Dollars and No Cents ($19,000.00), to Plaintiff in full accord and satisfaction of Plaintiff's claim.

Plaintiff represents and warrants that the foregoing amount to be paid to Plaintiff is a reasonable compromise over disputed issues, including FLSA classification and hours Plaintiff alleged to have worked.

Defendants shall deliver two checks for the Plaintiff's Payment. The first payment of Ten Thousand Dollars and No Cents ($10,000.00) shall be made payable to Elisabet Ferri and shall be due within thirty (30) days of the date of this agreement and the remaining Nine Thousand Dollars and No Cents ($9,000.00) shall be payable to Morgan & Morgan, P.A. and shall be due withing thirty (30) days of the date of this agreement. Both payments are to be delivered to the law offices of Plaintiff's Counsel, Andrew R. Frisch, Morgan & Morgan, P.A., 8151 Peters Road, Suite 4000, Plantation, Florida, 33324.

Each Party shall bear its own court or other costs incurred in connection with the Actions, except as otherwise expressly provided herein.

Contemporaneously with the execution of this Agreement, Morgan & Morgan, P.A., and Plaintiff shall provide Defendants with complete executed IRS Form W-9.

Due to Plaintiff's allegations and Defendants' denials, Defendants will report the Plaintiff Payment and the Fee Payment in a Form 1099 to Morgan & Morgan, P.A.

4. **No Publicity.**

The Parties agree that they and their agents and representatives shall not publish or in any way assist in the publishing the existence of this Agreement nor any detail contained in this Agreement, including the amount stated in Section 3 and otherwise in this Agreement. The existence of and details contained in this Agreement, including the amount stated in Section 3 and otherwise in this Agreement, shall not be used in any marketing, advertisement, or solicitation, by Plaintiff, her agents, her attorneys, or her representatives.

In the event that any court, arbitrator, or agency requires an update on the status of the Action, the Parties shall inform the entity only that Plaintiff's claims have been resolved and should be dismissed, with prejudice, unless required to obtain approval of this Agreement.

5. **No Disparagement.**

The Parties agree that they will not take any deliberate action or cause others to take any deliberate action, by word or deed, to defame, disparage, or directly harm the interests of the other, or to interfere with the relations the other has with their customers, other entertainers, vendors, employees, employers, prospective employers, or the public.

6. **Non-Admission.**

Plaintiff acknowledges and agrees that neither the execution of this Agreement nor any of the terms contained in this Agreement, including, but not limited to, the payments and other consideration set forth herein, shall be construed or interpreted as an admission by Defendants of liability or wrongdoing. Defendants expressly deny any liability and state that they have entered into this Agreement solely for the purpose of compromising, according, and satisfying any and all claims, without the cost and burden of further negotiations, mediation, or possible litigation.

7. **Entire Agreement.**

This Agreement represents the entire agreement of the Parties as to all matters relating to the subject matters hereof, and supersedes, merges and replaces all prior or contemporaneous negotiations, offers, promises, representations and agreements in regard thereto. This Agreement completely sets forth the settlement. No other promises have been made. No Party is relying on any other statement made by any Party being released or by anyone acting on its behalf.

8. **Counterparts, Copies and Facsimiles.**

This Agreement may be signed in counterparts which, when taken together, shall constitute one agreement. Copies, facsimiles, electronic signatures, and scanned signatures shall have the same force and effect as original signatures.

9. **Governing Law.**

This Agreement shall be governed by the laws of the State of Florida, without regard to conflict of laws principles.

10. **Validity.**

If any provision of this Agreement is held to be invalid, void or unenforceable, in whole or in part, the remaining provisions of this Agreement shall not be affected thereby and shall continue in full force and effect.

11. **No Presumption.**

All Parties acknowledge that they have had a full opportunity to review drafts of this Agreement and to make changes thereto, and in the event that an ambiguity or question of intent or interpretation arises as to this Agreement, no presumption or burden of proof shall apply

favoring or disfavoring any Party by virtue of authorship of any of the provisions of this Agreement.

12. **Modification.**

The terms of this Agreement cannot be modified except by a writing signed by all Parties, or by all Parties in any way affected by the modification and shall be binding upon and inure to the benefit of the Parties, their respective heirs, personal representatives, assigns, officers, directors, members, shareholders, attorneys and representatives.

13. **Acknowledgement.**

The Parties to this Agreement agree and acknowledge that: (a) any waiver of rights under this Agreement is **KNOWING AND VOLUNTARY**; (b) each Party has been advised to consult with, and has consulted with, an attorney before executing this Agreement; (c) each Party has had time to read and consider this Agreement before executing it; (d) each Party has carefully read this Agreement; (e) each Party executing this Agreement has the capacity to understand this Agreement; and (f) each Party knows and understands the terms of this Agreement. Each Party further represents that she, he or it has executed this Agreement **KNOWINGLY AND VOLUNTARILY** and on advice of counsel and that this Agreement was freely negotiated and executed without fraud, duress or coercion, and with full knowledge of its significance, effects, and consequences.

14. **Tax Liability.**

Plaintiff shall be solely responsible for all federal, state and local taxes that may be owed by Plaintiff by virtue of the receipt of any portion of the monetary payment provided under this Agreement. Should said payment later be deemed by determination of a third party and independent of any act by Defendants or anyone acting on their behalf to be subject to payroll withholdings, Plaintiff agrees to bear all liabilities typically borne by an employee and Defendants agree to bear all liabilities typically borne by an employer (i.e. FICA, withholdings, etc.).

15. **Performing at Scarlett's Cabaret:** Plaintiff agrees that she shall not apply or reapply to perform, or work, at Scarlett's Cabaret or any entity owned or operated by RCI Hospitality Holdings, Inc. or its subsidiaries. Plaintiff releases Defendant's from, and waives any right to, assert at any time in the future any claims that arise out of or relate to, in any way whatsoever, the refusal of Defendants to permit her to perform or work at Scarlett's Cabaret or any of its affiliated clubs.

**WHEREFORE**, the Parties hereto, intending to be legally bound and by their respective signatures below, acknowledge that there exist no other promises, representations or agreements relating to this Agreement except as specifically set forth herein, and that they knowingly and voluntarily enter into this Agreement with a full understanding of its contents.

Dated:_____

_____
ELISABET FERRI

Dated:_____9/22/21_____

_____
SCOTT SHERMAN, AUTHORIZED
REPRESENTATIVE OF J.W. LEE, INC.

_____
PRINTED NAME / TITLE

_____
ERIC LANGAN

Approved as to form and substance:

_____
Andrew R. Frisch, Counsel for Plaintiff

_____
Casey T. Wallace, Counsel for Defendants.

Dated: Sep 22, 2021

_____
Elisabet ferri (Sep 22, 2021 19:33 EDT)
ELISABET FERRI

Dated:_____

_____
SCOTT SHERMAN, AUTHORIZED
REPRESENTATIVE OF J.W. LEE, INC.

_____
PRINTED NAME / TITLE

_____
ERIC LANGAN

Approved as to form and substance:

_____
Andrew R. Frisch, Counsel for Plaintiff

_____
Casey T. Wallace, Counsel for Defendants.

Dated:_____

_____
ELISABET FERRI

Dated:_____

_____
SCOTT SHERMAN, AUTHORIZED
REPRESENTATIVE OF J.W. LEE, INC.

_____
PRINTED NAME / TITLE

_____
ERIC LANGAN

Approved as to form and substance:

_____
Andrew R. Frisch, Counsel for Plaintiff

_____
Casey T. Wallace, Counsel for Defendants.